OPINION
Defendant-appellant Sharon Williams appeals her conviction and sentence entered by the Licking County Court of Common Pleas for operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19, a felony of the fourth degree, following a bench trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 26, 2001, the Licking County Grand Jury indicted appellant on five related traffic offenses. Count 1, the only count at issue herein, charged appellant with operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1). The offense was charged as a felony of the fourth degree as a result of appellant's three prior DUI convictions within 6 years, including a July 19, 1997 misdemeanor conviction for operating a motor vehicle under the influence of alcohol in Granville Mayor's Court.
The matter came on for trial on February 1, 2002. Appellant executed a waiver of her right to trial by jury, and the matter proceeded as a bench trial. Much of the testimony focused on appellant's July 19, 1997 misdemeanor conviction. The record reveals appellant entered a plea of guilty to operating a motor vehicle under the influence of alcohol or drugs in Granville Mayor Court Case No. 971088 on July 19, 1997. Appellant did not have the benefit of counsel at the time. There is no record demonstration appellant executed a waiver of her right to counsel. Appellant testified she was unemployed at the time of her plea and conviction, did not have a checking or savings account, and the only property she owned was a 15 year old automobile. The mayor's court sentenced appellant to 60 days in jail, but suspended the entire term on the condition appellant have no alcohol or drug related offenses in three years, and complete an alcohol awareness program.
Based upon the testimony presented, the trial court found appellant was indigent at the time of the 1997 misdemeanor conviction, appellant did not waive her right to counsel at that time, and appellant was not incarcerated for the conviction. The trial court concluded the prior uncounseled plea could be used to increase the present offense from a misdemeanor to a felony, relying upon the United States Supreme Court's decision in Nichols v. United States (1994), 511 U.S. 738,114 S.Ct. 1921, 128 L.Ed.2d 745; and the Ohio Supreme Court's decision in State v.Gerwin (1982), 69 Ohio St.2d 488, 432 N.E.2d 282. The trial court sentenced appellant to a term of imprisonment of fifteen month, and suspended appellant's driver's license for ten years. The trial court memorialized the conviction and sentence via Judgment Entry filed February 1, 2002.
It is from this judgment entry appellant appeals, raising as her sole assignment of error:
 "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN RELYING ON THE DEFENDANT-APPELLANT'S UNCOUNSELED, PRIOR CONVICTION TO ENHANCE THE INSTANT OFFENSE FROM A MISDEMEANOR TO A FELONY."
 I.
Herein, appellant maintains the trial court erred in utilizing her 1997 conviction to enhance the instant offense from a misdemeanor to a felony. We agree.
In the landmark decision of Gideon v. Wainwright (1963), 372 U.S. 335,83 S.Ct. 792, 9 L.Ed.2d 799, the United States Supreme Court held an indigent defendant was entitled to court appointed counsel. Subsequently, the High Court narrowed this Right, holding "the Sixth andFourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense." Scott v. Illinois (1979), 440 U.S. 367,99 S.Ct. 1158, 59 L.Ed.2d 383.
In State v. Gerwin, supra, the Ohio Supreme Court addressed the issue of whether an uncounseled misdemeanor conviction could be used to convert a subsequent misdemeanor into a felony. The Supreme Court held: "An uncounseled misdemeanor conviction for theft may be used under the enhancement provision of R.C. 2913.02(B) to convert the subsequent misdemeanor into a felony when no actual imprisonment results." Id. at syllabus.
The Gerwin court determined the appellant's prior uncounseled misdemeanor conviction was valid under Scott, supra, and the appellant was not entitled to the appointment of counsel because the appellant was not imprisoned and because it was not shown the appellant was indigent. Id. at 491. Accordingly, the uncounseled conviction was valid for the purpose of converting a subsequent misdemeanor into a felony. Id. Likewise, the United States Supreme Court in Nichols, supra, held: "An uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols, 511 U.S. at 749.
The enhancement in degree of the subsequent offense recognized by theGerwin court was specifically conditioned, in part, upon a situation where "no actual imprisonment results." At first blush, one would assume the condition of no actual imprisonment relates to the predicate misdemeanor, not the subsequent "enhanced" offense. That was the interpretation this Court gave Gerwin when applying the decision in Statev. Grundy (Dec. 14, 1999), Licking 5th App. No. 99CA0046.
In Grundy, we held "Clearly, the lack of imprisonment means that appointed counsel was not required at the prior misdemeanor conviction. * * * Based upon this syllabus [Gerwin] and the facts presented sub judice (no proof of indigency, no imprisonment in predicate misdemeanor, no waiver of counsel), we find the trial court was correct in sentencing appellant for a felony domestic violence conviction." Id. at 3-4. (Emphasis added).
In my concurring opinion in Grundy, I likewise interpreted the Gerwin
condition "no actual imprisonment resulted" related to the predicate misdemeanor conviction. Therein, I questioned whether the appellant was "subjected to actual imprisonment in his 1991 conviction." Id. Concurring Opinion at 4, (emphasis added). In Grundy, this Court unanimously agreed to affirm the appellant's felony conviction based upon the fact the appellant was not indigent at the time of his previous misdemeanor conviction. The showing of indigency is the second condition in Gerwin. Unlike Grundy, in the case sub judice, it was shown appellant was indigent at the time of the predicate offense.
Upon further review of Gerwin, I believe this Court misread it when deciding Grundy. We believe the trial court may have also misreadGerwin when deciding the case sub judice. The Gerwin Court never identifies the sentence entered in the predicate offense, but rather identifies the sentence imposed in the subsequent enhanced offense as being a fine only, part of which was suspended on condition the defendant obtain counseling. The Gerwin Court concluded, the United States Supreme Court requires appointed counsel only when actual imprisonment is imposed. The Gerwin Court then reasoned, "In this case, Gerwin was not imprisoned, instead she was fined, with all but $150 of the fine suspended on the condition that she obtain counseling. Clearly, the lack of imprisonment means that appointed counsel was not required at the prior misdemeanor conviction." Gerwin at 491. The sentence referenced inGerwin as demonstrating "no actual imprisonment" was the sentence rendered in the subsequent felony conviction, not the sentence rendered in the predicate misdemeanor conviction. It appears the Ohio Supreme Court may have focused on the wrong sentence in deciding Gerwin. We believe the focus should be on whether actual imprisonment resulted in the sentence for the predicate misdemeanor offense, not whether actual imprisonment resulted in the subsequent enhanced felony sentence.[1]
In Grundy, as in the case sub judice, the appellant was sentenced to jail in the predicate misdemeanor offense, but the jail term was suspended. In my concurring opinion in Grundy, I noted, "Left unanswered is whether the rendering of a sentence of incarceration, albeit suspended, constitutes `actual imprisonment' within the contemplation of the Scott and Baldasar cases. Does `actual imprisonment' mean imprisonment actually imposed or merely the rendition of a sentence of imprisonment?" Id. This case calls upon us to answer the question.
The second case relied upon by the trial court is the United States Supreme Court's decision in Nichols, supra. The Nichols Court held an uncounseled misdemeanor conviction, valid due to the absence of the imposition of a prison term, is also valid to enhance punishment upon a subsequent conviction. The Nichols Court overruled Baldasar v. Illinois
(180), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed. 169 and adhered to its earlier decision in Scott v. Illinois, supra. In Scott, the High Court held the right to counsel did not apply as long as no imprisonment was actually imposed. The Nichols Court held an uncounseled conviction validunder Scott may be used to enhance the sentence for a subsequent offense.
In Scott, the defendant was fined $50, but no sentence of imprisonment was entered. Therefore, we return to the question posed in Grundy
— does a suspended jail sentence result in actual imprisonment? If it does, appellant's 1997 mayor's court conviction is invalid underScott; therefore, Nichols is inapplicable. If it does not, then the 1997 mayor's court conviction is valid under Scott, and Nichols applies.
Subsequent to the trial court's decision, in the instant matter, the United States Supreme Court decided Alabama v. Shelton (2002), "___ U.S. ___", 122 S.Ct. 1764, 152 L.Ed.2d 888. While not directly on point because it involves a direct appeal attacking the validity of an indigent's uncounseled misdemeanor conviction and sentence, the decision directly answers our question. In Shelton, the United States Supreme Court stated, "A suspended sentence is a prison term imposed for the offense of conviction." Id. at 1769.
Accordingly, we find appellant's 1997 mayor's court conviction imposed a prison term; therefore, is invalid under Scott, and cannot be used to enhance the subsequent misdemeanor DUI to a felony DUI.
Appellant's assignment of error is sustained.
The judgment of the Licking County Court of Common Pleas is reversed.
HOFFMAN, P.J., FARMER, J., and BOGGINS, J. concur.
[1] Even if the Ohio Supreme Court concluded the prior misdemeanor conviction was invalid for enhancement purpose, certainly the counseled defendant in Gerwin could have been sentenced to jail on the subsequent "unenhanced" offense.